IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL LEGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-11-435-FHS |
| CORRECTIONS CORPORATION OF | ) |
| AMERICA, INC. d/b/a DAVIS | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND DEFENSES

Defendant Corrections Corporation of America ("CCA") responds to the allegations in the plaintiff's Petition[1] as follows:

## FIRST DEFENSE

1. CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Petition, and therefore denies the same.

2. CCA admits the allegations in paragraph 2 of the Petition.

3. CCA admits the allegations in paragraph 3 of the Petition.

4. With respect to the allegations in paragraph 4 of the Petition, CCA admits venue would have been proper in Seminole County. By way of further response, CCA states venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the alleged events giving rise to the case occurred within this judicial district.

5. CCA admits the allegations in paragraph 5 of the Petition.

---

[1] This case was removed from the District Court of Seminole County. Therefore, the plaintiff's initial pleading is styled as a "Petition," rather than a "Complaint."

6. The allegations in paragraph 6 of the Petition constitute a legal conclusion to which no response is required under Fed. R. Civ. P. 8. To the extent a response to the legal conclusion is required, CCA states 57 O.S. § 561(O) speaks for itself.

7. The allegations in paragraph 7 of the Petition constitute a legal conclusion to which no response is required under Fed. R. Civ. P. 8. To the extent a response to the legal conclusion is required, CCA states the 57 O.S. § 561(A) speaks for itself.

8. With respect to the allegations in paragraph 8 of the Petition, CCA admits the Oklahoma Department of Corrections has established written standards for suicide prevention for Oklahoma prisons. CCA also admits it has promulgated its own rules for suicide prevention. The remaining allegations in paragraph 8 of the Petition constitute legal conclusions to which no response is required under Fed. R. Civ. P. 8. To the extent a response is required, the remaining allegations in paragraph 8 are denied.

9. The allegations in paragraph 9 of the Petition constitute a legal conclusion to which no response is required under Fed. R. Civ. P. 8. To the extent a response to the legal conclusion is required, CCA states the Department of Corrections' policies speak for themselves. CCA denies the allegations in paragraph 9 to the extent the plaintiff purports to have accurately summarized or described the Department of Corrections' policies. CCA denies the factual allegations in paragraph 9.

10. With respect to the allegations in paragraph 10 of the Petition, CCA admits it began employing the plaintiff as a Mental Health Coordinator in or around 2006. With respect to remaining, implicit, allegations in paragraph 10, CCA states that whether the plaintiff is a "Qualified Mental Health Professional" is a legal conclusion to which no response is required pursuant to Fed. R. Civ. P. 8.

11. With respect to the allegations in paragraph 11 of the Petition, CCA admits the allegations in part, and denies the allegations in part. CCA admits that, it employed only two Qualified Mental Health Professionals at the facility in question as required by the staffing levels approved by the State of Oklahoma. CCA denies violating any policy, rule, statute, or regulation.

12. CCA denies the allegations in paragraph 12 of the Petition. By way of further response, CCA states the plaintiff and Jayme Woods voluntarily agreed that because Ms. Woods lived in Tulsa, the plaintiff would respond to after-hours calls that would have otherwise been fielded by Ms. Woods. To CCA's knowledge, the agreement between the employees was negotiated by, and at all times acceptable to, the plaintiff and Ms. Woods. CCA denies the plaintiff's implication that she was required to perform the work of two employees with regularity, and/or against her wishes or desire.

13. CCA denies the allegations in paragraph 13 of the Petition. By way of further response, CCA states it conducted its own review of the Davis Correctional Facility on February 15, 2011, during which it provided staff training related to policy expectations with respect to suicide prevention and management. The February 2011 visit also included separate training for the plaintiff and Jayme Wood regarding certain clinical practices.

14. CCA denies the allegations in paragraph 14 of the Petition. By way of further response, CCA states it lacks knowledge regarding the plaintiff's beliefs and/or thoughts, and therefore denies the allegations regarding the plaintiff's alleged "agreement" with purported findings of the Department of Corrections. CCA denies the allegation that it failed to comply with any directive of the Department of Corrections.

15.     CCA denies the allegations in paragraph 15 of the Petition. By way of further response, CCA states the plaintiff and Jayme Woods voluntarily agreed that because Ms. Woods lived in Tulsa, the plaintiff would respond to after-hours calls that would have otherwise been fielded by Ms. Woods. To CCA's knowledge, the agreement between the employees was negotiated by, and at all times acceptable to, the plaintiff and Ms. Woods. CCA denies the plaintiff's implication that she was required to perform the work of two employees with regularity, and/or against her wishes or desire. CCA further denies the plaintiff handled "the entire case load" at the facility. CCA also states the plaintiff failed to properly document the cases which she handled for Ms. Woods.

16.     CCA denies the allegations in the first two sentences of paragraph 16. With respect to the last sentence of paragraph 16, CCA states it is unaware of any complaint allegedly made by the plaintiff to the Department of Corrections (verbal or otherwise), and therefore denies that any such complaint was made.

17.     CCA denies the allegations in paragraph 17 of the Petition.

18.     With respect to the allegations in paragraph 18 of the Petition, CCA admits Dr. Baxter, Regional Health Services Director Lei Buchanan, and Deputy Mental Health Director Dr. Stephen Gold, visited the subject facility on August 25, 2011. CCA denies that the second site visit was in response to any complaint or request made by the plaintiff. As a result of the visit, CCA admits it determined the plaintiff and Ms. Woods both failed to follow CCA policy, failed to document clinical contacts as required by CCA policy and professional standards, and failed to follow training instructions previously provided by Dr. Baxter and Ms. Buchanan in February 2011. The findings of the August 2011 site visit resulted in a recommendation for the

immediate termination of both the plaintiff and Ms. Legg. The remaining allegations in paragraph 18 are denied.

19. CCA denies the allegations in paragraph 19 of the Petition. By way of further response, CCA states Ms. Miller spent a disproportionate amount of time dealing with conflict between the plaintiff and Ms. Woods, both of whom failed to perform their job in a satisfactory way.

20. With respect to the allegations in paragraph 20 of the Petition, CCA admits it terminated the plaintiff. The remaining allegations in paragraph 20 are denied.

21. With respect to the allegations in paragraph 21 of the Petition, CCA incorporates by reference its responses to the plaintiff's paragraphs 1 through 20, set forth above.

22. CCA denies the allegations in paragraph 22 of the Petition.

23. CCA denies the allegations in paragraph 23 of the Petition.

24. CCA denies that the plaintiff is entitled to any of the relief sought in the paragraph beginning "WHEREFORE," or its subparts.

## SECOND DEFENSE

25. Each of CCA's employment actions were taken for legitimate non-retaliatory reasons.

## THIRD DEFENSE

26. The plaintiff is not entitled to punitive damages

## FOURTH DEFENSE

27. The plaintiff has failed to mitigate her damages, if she has indeed suffered any damages at all.

**FIFTH DEFENSE**

28. Pleading in the alternative, even if prohibited reasons are found to be a motivating factor in the acts or omissions of CCA, which was not the case, CCA would have made the same decisions, in the absence of impermissible motivation, based on legitimate, non-retaliatory business reasons.

**SIXTH DEFENSE**

29. CCA acted in good faith

**SEVENTH DEFENSE**

30. The plaintiff's public policy tort claim is not based on an established and well-defined public policy set forth in Oklahoma constitutional, statutory, or jurisprudential law.

s/ Daniel P. Johnson
Leonard Court, OBA #1948
Daniel P. Johnson, OBA #20742

-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
leonard.court@crowedunlevy.com
daniel.johnson@crowedunlevy.com

Attorneys for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of December, 2011, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing.  The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward
Woodrow K. Glass
Scott F. Brockman
R. Ben Houston
Barrett T. Bowers
WARD & GLASS, LLP
1821 E. Imhoff Road, Suite 102
Norman, Oklahoma 73071
(405) 360-9700
(405) 360-7902 FAX


      s/ Daniel P. Johnson